IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

ERIC CLINTON,

    Plaintiff,

vs.                                      Case No. 4:11cv512-RH/WCS

ELBONIE S. DOPSON, et al.,

    Defendants.

_____/

## ORDER and REPORT AND RECOMMENDATION

Plaintiff, proceeding *pro se*, has initiated a civil rights action under 42 U.S.C. § 1983, doc. 1, and a motion to proceed *in forma pauperis*, doc. 2.  Good cause having been shown, the motion is granted and the Clerk shall file the complaint without requiring payment of the filing fee.

Plaintiff's complaint is against four persons, and concerns Plaintiff's inability to have shared custody of his young child pursuant to a state court order.  Doc. 1.  Plaintiff contends that the mother of his child has not complied with the custody provisions as provided in the state court order and has deprived Plaintiff from obtaining his child.  *Id.*

Plaintiff's complaint references Florida statutes and federal employment discrimination, which are not pertinent to Plaintiff's claims.  Furthermore, Plaintiff's complaint cannot proceed because none of the named Defendants are alleged to have been "state actors" for purposes of § 1983.  "To state a claim under § 1983, a plaintiff must allege facts showing that the defendant's act or omission, done under color of state law, deprived him of a right, privilege, or immunity protected by the Constitution or laws of the United States."  Emory v. Peeler, 756 F.2d 1547, 1554 (11th Cir. 1985); Dollar v. Haralson County, 704 F.2d 1540, 1542-43 (11th Cir.), cert. denied, 464 U.S. 963, 104 S. Ct. 399, 78 L. Ed. 2d 341 (1983).  Plaintiff has not alleged that any Defendant acted under color of state law, and this fails to state a federal claim.  Fadjo v. Coon, 633 F.2d 1172, 1174-1175 (5th Cir. 1981), *quoting* Adickes v. S. H. Kress & Co., 398 U.S. 144, 150, 90 S. Ct. 1598, 1604, 26 L. Ed. 2d 142 (1970); *see* Paisey v. Vitale In and For Broward Co., 807 F.2d 889, 892 (11th Cir. 1986); Lugar v. Edmondson Oil Co., 457 U.S. 922, 930, 102 S. Ct. 2744, 2750, 73 L. Ed. 2d 482 (1981); Flagg Brothers, Inc. v. Brooks, 436 U.S. 149, 155, 98 S. Ct. 1729, 1732, 56 L. Ed. 2d 185 (1978).

Moreover, federal courts have "traditionally refrained from exercising authority over matters broadly described as 'domestic relations.'"  U.S. v. Kegel, 916 F. Supp. 1233, 1235 (M.D. Fla., 1996), *citing* Barber v. Barber,[1] 62 U.S. (21 How.) 582, 584, 16 L. Ed. 226 (1858); Simms v. Simms, 175 U.S. 162, 20 S. Ct. 58, 44 L. Ed. 115 (1898). The authority for invoking the "domestic relations" exception originally stemmed from Barber v. Barber, 21 How. 582, 16 L. Ed. 226 (1859) in which the Supreme Court

---

[1] In Barber, the wife (who lived in New York) filed a federal suit in Wisconsin against her husband, who lived in Wisconsin, seeking to enforce a New York state court decree concerning alimony.  62 U.S. at 584.

Case No. 4:11cv512-RH/WCS

stated, albeit in dicta, "that the federal courts have no jurisdiction over suits for divorce or the allowance of alimony." Ankenbrandt v. Richards, 504 U.S. 689, 112 S. Ct. 2206, 2209, 119 L. Ed. 2d 468 (1992), *explaining* Barber, 21 How. 582.  The Ankenbrandt Court explained that although the Constitution itself did not exclude domestic relations cases from the federal court jurisdiction, the exception exists nonetheless as a matter of statutory construction.  Ankenbrandt v. Richards, 504 U.S. 689, 112 S. Ct. 2206, 2213. The exception rests on the statutory requirements for diversity jurisdiction.  *See* De la Rama v. De la Rama, 201 U.S. 303, 307, 26 S. Ct. 485, 486, 50 L. Ed. 765 (1906), *quoted in* Ankenbrandt, 112 S. Ct. at 2211 (finding that a "husband and wife cannot usually be citizens of different States, so long as the marriage relation continues (a rule which has been somewhat relaxed in recent cases), and for the further reason that a suit for divorce in itself involves no pecuniary value.").

Even though Barber "did not intend to strip the federal courts of authority to hear cases arising from the domestic relations of persons unless they seek the granting or modification of a divorce or alimony decree," the Supreme Court has "expanded the domestic relations exception to include decrees in child custody cases." Ankenbrandt, 112 S. Ct. at 2214; In re Burrus, 136 U.S. 586, 594, 10 S. Ct. 850, 853, 34 L. Ed. 500 (1890).  In Burrus, the issue was a child-custody dispute in which the father sought to have the child removed from her grandparents care and given to him.  When the grandfather refused to give up the child, he was arrested and taken to jail.  The grandfather sought habeas relief and claimed he was illegally imprisoned because the father was wrongfully given custody.  The Supreme Court held that "[t]he whole subject

of the domestic relations of husband and wife, parent and child, belongs to the laws of the States and not to the laws of the United States." Burrus, 136 U.S. at 593-594.

> The Ankenbrandt Court reaffirmed these earlier cases by concluding:
> . . . that the domestic relations exception, as articulated by this Court since Barber, divests the federal courts of power to issue divorce, alimony, and child custody decrees. Given the long passage of time without any expression of congressional dissatisfaction, we have no trouble today reaffirming the validity of the exception as it pertains to divorce and alimony decrees and child custody orders.

Ankenbrandt, 112 S. Ct. at 2215.

Even prior to Ankenbrandt, courts have ruled that the federal courts lack subject matter jurisdiction in domestic relations cases. For example, in Solomon v. Solomon, 516 F.2d 1018 (1975), Pennsylvania residents executed a marital separation agreement which provided for monthly alimony payments by the husband to the wife. The wife eventually filed a complaint in a federal district court alleging diversity of citizenship and complaining that the defendant husband had defaulted on payments due under the separation agreement. The wife sought monetary damages for the husband's failure to make the monthly support payments and enforcement of the agreement. The husband admitted he had not made the payments as due under the agreement, but asserted as an affirmative defense that the wife had breached the agreement by not allowing visitation privileges rights which he was due under the agreement. On appeal, the Circuit Court affirmed the dismissal and concluded the district court lacked subject matter jurisdiction over the complaint of the wife because of the long-standing judicially-carved domestic relations exception to Federal court jurisdiction. 516 F.2d at 1026.

These types of cases no longer rest on the non-diversity of the parties (although it is acknowledged in this case that there is diversity), but on the understanding that

state courts have historically decided these cases and have developed expertise in the matter and an interest in overseeing future issues that may arise.  *See, e.g.,* Stevens v. Sley, 407 F.Supp. 140, 144 (D.C. Pa. 1976).  This is a matter for the state court to decide.

Accordingly, it is **ORDERED:**

1.  Plaintiff's motion for *in forma pauperis* status, doc. 2, is **GRANTED**.

2.  The Clerk of Court shall file the complaint without requiring payment of the filing fee

**REPORT AND RECOMMENDATION**

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's complaint, doc. 1, be **DISMISSED** for lack of subject matter jurisdiction and for failure to state a claim upon which relief may be granted.

**IN CHAMBERS** at Tallahassee, Florida, on October 17, 2011.


 S/      William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**


**NOTICE TO THE PARTIES**

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**